IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cornelius J. Clemons,  :

    Plaintiff,  :

  v.  : Case No. 2:17-cv-501

: JUDGE GEORGE C. SMITH
Ohio Bureau of Workers    Magistrate Judge Kemp
Compensation,  :

    Defendant.  :

REPORT AND RECOMMENDATION

Plaintiff Cornelius J. Clemons, a non-prisoner *pro se* litigant, filed this action seeking leave to proceed in forma pauperis. Mr. Clemons qualifies financially for in forma pauperis status, so his motion for leave to proceed (Doc. 1) is granted. For the reasons set forth below, the Court will recommend that the complaint be dismissed as barred by the doctrine of *res judicata*.

A short background is in order. On March 14, 2017, Mr. Clemons filed a complaint against the Ohio Bureau of Workers' Compensation ("BWC"), its Administrator, Stephen Buehrer, and its Board of Directors. In his complaint, Mr. Clemons alleged that the State of Ohio is contractually obligated to pay him $1,829,078.00 in damages arising from an injury which occurred in the course of his employment and which was acknowledged in BWC claim number 10-858586. Mr. Clemons asserted that Defendants' failure to compensate him was a breach of contract and a violation of his constitutional rights, and he asked for compensatory damages and/or a writ of mandamus ordering the BWC to pay him $1,829,078.00. He also moved for leave to proceed *in forma pauperis*, which triggered a duty on the part of this Court, under 28 U.S.C. §1915(e)(2) to screen the case to determine if it

was frivolous, malicious, or failed to state a claim upon which relief could be granted.  Finding that because this Court had previously decided that it lacked jurisdiction over Mr. Clemons' claims, see Clemons v. Ohio Bureau of Workers' Compensation, 2015 WL 2365603 (S.D. Ohio May 15, 2015), adopted and affirmed 2016 WL 47878 (S.D. Ohio Jan. 4, 2016), aff'd Clemons v. Ohio Bureau of Workers Compensation, et al, No. 16-3095 (August 18, 2016) - and had also decided, in Clemons v. Ohio Bureau of Workers Compensation, 2016 WL 5914205 (S.D. Ohio Oct. 11, 2016), adopted and affirmed 2017 WL 666124 (S.D. Ohio Feb. 17, 2017), that *res judicata* barred the re-filing of his claims, the Court issued a Report and Recommendation recommending that the case be dismissed.  See Clemons v. Ohio Bureau of Workers' Compensation, Case No. 2:17-cv-213 (S.D. Ohio Apr. 11, 2017)(Doc. 5).

Mr. Clemons objected to the Report and Recommendation. Before the Court could rule on his objection, however, he voluntarily dismissed that case.  One week later, he filed this action, making essentially the same claims which he has now advanced in five separate filings (he also filed a complaint on February 28, 2017, which was assigned Case No. 2:17-cv-175, and then dismissed that complaint before the Court could rule on his motion for leave to proceed *in forma pauperis*).

There is no need to devote much time to the merits of this case.  Clearly, as the Court has said in its prior orders, any claim which Mr. Clemons seeks to litigate in this Court against the Bureau of Workers' Compensation or any of its officials relating to the same claim which has been the subject of all of his cases here is barred both because the Court has determined it has no jurisdiction over that claim and because that *res judicata* is applicable to the jurisdictional issue presented by all of his later filings, including this one.  Consequently, this case should be dismissed under 28 U.S.C. §1915(e)(2), and such

-2-

dismissal is recommended.  Further, because this is the fifth such lawsuit, and the fourth recommended dismissal, it is recommended that if the case is dismissed on these grounds, Mr. Clemons be barred from filing any further cases based on his workers' compensation claim unless the filing is accompanied by a certificate from an attorney who is licensed to practice in this Court, or in the State of Ohio, stating that that there is a good faith basis for the claims being made.  Finally, if the Court adopts this Report and Recommendation, the motion to expedite (Doc. 2) should be denied as moot.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge