UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CORNELIUS J. CLEMONS,

    Plaintiff,

v.

OHIO BUREAU OF WORKERS'
COMPENSATION,

    Defendant.

Case No. 2:17-cv-501
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION & ORDER

This matter is before the Court for consideration of Plaintiff's Objection to the Magistrate Judge's June 28, 2017 Order and Report and Recommendation. The Magistrate Judge recommended dismissal of Plaintiff's Complaint upon an initial screen pursuant to 28 U.S.C. § 1915(e)(2) on the basis of res judicata. (*Id.* at 1–2.) For the reasons below, the Court **OVERRULES** Plaintiff's Objection (ECF No. 8) and **ADOPTS in part** the Order and Report and Recommendation (ECF No. 6). Plaintiff's Complaint is **DISMISSED** and his two Motions to Expedite (ECF Nos. 2, 11), Motion to Transfer Related Case (ECF No. 9), and Motion to Amend (ECF No. 12) are therefore **DENIED as moot**.

Plaintiff, Cornelius J. Clemons, proceeding *pro se*, initiated this action on June 6, 2017 against Defendant, the Ohio Bureau of Workers' Compensation ("BWC"), alleging that the BWC owes him damages for an injury he sustained while working. Judge Kemp[1] summarized the relevant facts in his Order and Report and Recommendation:

> On March 14, 2017, Mr. Clemons filed a complaint against the Ohio Bureau of Workers' Compensation ("BWC"), its Administrator, Stephen Buehrer, and its Board of Directors. In his complaint, Mr. Clemons alleged that the State of Ohio

---

[1] Magistrate Judge Vascura and Chief Judge Sargus were assigned to this case on July 1 and July 17, 2017, respectively. (ECF Nos. 7, 10.)

is contractually obligated to pay him $1,829,078.00 in damages arising from an injury which occurred in the course of his employment and which was acknowledged in BWC claim number 10-858586. Mr. Clemons asserted that Defendants' failure to compensate him was a breach of contract and a violation of his constitutional rights, and he asked for compensatory damages and/or a writ of mandamus ordering the BWC to pay him $1,829,078.00. He also moved for leave to proceed in forma pauperis, which triggered a duty on the part of this Court, under 28 U.S.C. §1915(e)(2) to screen the case to determine if it was frivolous, malicious, or failed to state a claim upon which relief could be granted. Finding that because this Court had previously decided that it lacked jurisdiction over Mr. Clemons' claims, *see Clemons v. Ohio Bureau of Workers' Compensation*, 2015 WL 2365603 (S.D. Ohio May 15, 2015), adopted and affirmed 2016 WL 47878 (S.D. Ohio Jan. 4, 2016), *aff'd Clemons v. Ohio Bureau of Workers Compensation, et al.*, No. 16-3095 (August 18, 2016) - and had also decided, in *Clemons v. Ohio Bureau of Workers Compensation*, 2016 WL 5914205 (S.D. Ohio Oct. 11, 2016), *adopted and affirmed* 2017 WL 666124 (S.D. Ohio Feb. 17, 2017), that res judicata barred the re-filing of his claims, the Court issued a Report and Recommendation recommending that the case be dismissed. *See Clemons v. Ohio Bureau of Workers' Compensation*, Case No. 2:17-cv-213 (S.D. Ohio Apr. 11, 2017) (Doc. 5).

Mr. Clemons objected to the Report and Recommendation. Before the Court could rule on his objection, however, he voluntarily dismissed that case. One week later, he filed this action, making essentially the same claims which he has now advanced in five separate filings (he also filed a complaint on February 28, 2017, which was assigned Case No. 2:17-cv-175, and then dismissed that complaint before the Court could rule on his motion for leave to proceed in forma pauperis).

(Order and Report and Recommendation ("Rep. & Rec.") at 1–2, ECF No. 6.)

Magistrate Judge Kemp granted Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 1) and summarily recommended dismissing the Complaint after performing an initial screen pursuant to 28 U.S.C. § 1915(e)(2) on the basis of res judicata, given that this is the fifth case Mr. Clemons has brought asserting virtually identical causes of action. Under 28 U.S.C. § 1915(e), a court may dismiss an *in forma pauperis* litigant's case at any time if it determines that the litigant fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The Court recently

determined that this case is related to Mr. Clemons' other four cases. (*See* Case Nos. 2:15-cv-964, 2:16-cv-846, 2:17-cv-175, and 2:17-cv-213.) Although Judge Kemp further recommended that Mr. Clemons be prevented from filing any further cases on the same basis unless represented by an attorney, the Court declines to adopt such recommendation in full.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Additionally, a *pro se* litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972). Even so, *pro se* plaintiffs must still comply with the procedural rules that govern civil cases. *McNeil v. United States,* 508 U.S. 106, 113 (1993).

Clemons objects to the Magistrate Judge's application of res judicata. (Objection ("Obj.") at 1–2, ECF No. 8.) Clemons recounts his reasoning for bringing five successive actions that assert the same facts and injury, which he attributes to his misunderstanding of the proper cause of action to bring. His first complaint asserted claims under the repealed 1866 Civil Rights Act; his second complaint was brought under 42 U.S.C. § 1981; his third under 42 U.S.C. § 1988; and his fourth under 42 U.S.C. 1983, which he voluntarily withdrew before the Court could rule on the Report & Recommendation recommending dismissal on res judicata grounds. (*Id.* at 6–8.) Believing that he had simply chosen the wrong legal theory in the previous action, he would file a new case under a different legal theory. He reasons that because each suit raises a unique cause of action and legal theory, his cases should not be subject to res judicata. This argument

3

misconstrues the requirement of res judicata that there be an "identity of causes of action." *See Browning v. Levy*, 283 F.3d 761, 773–74 (6th Cir. 2002). "Whether there is an identity of claims depends on the facts creating the right of action and the evidence necessary to sustain each action, not on the actual claims raised." *Sanders Confectionary Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 483–84 (6th Cir. 1992). Thus, "[w]here two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." *Holder v. City of Cleveland*, 287 F. App'x 468, 471 (6th Cir. 2008). It therefore makes no difference that Clemons asserted a new legal theory in each case because he was seeking recovery for the same alleged injury. Clemons is not entitled to a second bite at the apple, let alone a fifth. See *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank*, 333 F. App'x 994, 1002 (6th Cir. 2009).

Clemons next argues that the Court's dismissal on the basis of res judicata violates Due Process because his § 1983 cause of action had "never been brought to decision." (Obj. at 8–9.) As discussed above, res judicata would still apply based on the other three lawsuits. Accordingly, the fact that Clemons voluntarily dismissed his prior case before the Court could rule on the Report and Recommendation does not save his current one.

Lastly, Clemons' argument that the Magistrate Judge did not meet his burden of proving that the Defendant is not liable misstates the appropriate standard and is nonetheless without merit for the reasons stated above. (*See* Obj. at 9.)

Accordingly, the Report and Recommendation (ECF No. 5) is **ADOPTED in part**, Plaintiff's Objection (ECF No. 8) is **OVERRULED** and his Complaint is **DISMISSED with prejudice**. Accordingly, Plaintiff's Motions to Expedite (ECF Nos. 2, 11), Motion to Transfer Related Case (ECF No. 9), and Motion to Amend (ECF No. 12) are **DENIED as moot**. If Mr.

4

Clemons files any further cases based on his worker's compensation claim, no party shall be required to file a response unless and until a Magistrate Judge determines that there is a good faith basis for the claims being made on the face of the complaint.

**IT IS SO ORDERED.**

9-18-2017
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT CHIEF JUDGE**